The Honorable G. Stanley Montgomery Newport City Attorney P.O. Box 706 Newport, Arkansas 72112
Dear Mr. Montgomery:
This is in response to your request, pursuant to A.C.A. §25-19-105 (c)(3)(B), for my opinion as to whether a decision by the City of Newport not to release certain records requested by the federal Equal Opportunity Employment Commission ("EEOC") would be consistent with the provisions of the Arkansas Freedom of Information Act, ("FOIA"), codified at A.C.A. § 25-19-101 etseq.
For the reasons that follow, it is my opinion that a decision not to release the requested records may, depending upon the nature of the records, be contrary to the Arkansas FOIA, and would appear to be contrary to federal law, specifically,42 U.S.C. § 2000e-8 and § 2000e-9.
The records requested are the personnel files of two Newport city employees, one of whom has filed an EEOC complaint (the "charging party"). The other information requested is a list of all employees classified in a certain position during the period of January 1 to date, showing the name, race, date of hire and, if no longer employed, the last known address and telephone number of the employee. Also requested is a general list of all employees as of August 5, 1991, identified as to name, race, date of hire and job title.
In my opinion, assuming that records exist showing these factors, the only problematic portion of the request is the request for the two personnel files. The other information requested, (names, job titles, race), is not the type which would be exempted from disclosure as a "clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(10) (Cum. Supp. 1991). Additionally, this office has previously opined that the names and addresses of public employees are generally disclosable. Opinion No. 90-335.
The release of the personnel files is only problematic if their release would result in an "unwarranted invasion of personal privacy."[1] A.C.A. § 25-19-105 (b)(10). We do not have the files in question before us, and thus cannot determine whether there is any information in them which would fall within this language. We should note, however, that this statute exempts only information of an "intimate nature" or information about an individual's private life that would not otherwise be made public except by the individual. See generally Opinion No. 91-003. If there is no information of this type, the personnel files are not exempt under Arkansas law.[2]
Even if these personnel files contain information which would constitute a "clearly unwarranted invasion of personal privacy," it is my opinion that the federal statutory authority of the EEOC may override our state Freedom of Information Act to require the release of information to the EEOC, for its investigative purposes, which would otherwise be exempt under state law.
The EEOC is granted broad authority at 42 U.S.C. 2000e as follows:
 In connection with any investigation of a charge filed under section 2000e-5 of this title, the Commission or its designated representative shall at all reasonable times have access to, for the purposes of examination, and the right to copy any evidence of any person being investigated or proceeded against that relates to unlawful employment practices covered by this subchapter and is relevant to the charge under investigation.[3]
See also 42 U.S.C. § 2000e-9.
In my opinion, this federal statute, to the extent set out above, would override the limited personnel records exemption in our Freedom of Information Act by virtue of the Supremacy Clause of the United States Constitution. United States Constitution, art. VI, cl. 2.
As attorney for the City of Newport, you will wish to review these federal provisions and any federal case law construing them to determine what the exact extent of the City's responsibility is with regard to disclosure of these documents. The applicable analysis, however, is under this federal law, as in my opinion, the Arkansas FOIA, if it does exempt any of the records you describe, has generally been preempted.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] A question may also arise under A.C.A § 25-19-105(c)(1) as to any employee evaluation or job performance records if the employee was not suspended or terminated. See however
discussion infra regarding federal preemption.
[2] There may be some exempt information which should be deleted, i.e., medical records, social security numbers, etc. . . .See Opinion No. 87-115.
[3] The term "person" as used in this statute includes political subdivisions. 42 U.S.C. § 2000e(a).